FILED
United States Court of Appeals
Tenth Circuit

August 21, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MAURICE TROTTER, a/k/a Mo,

Defendant-Appellant.

No. 13-3147
(D.C. Nos. 2:04-CR-20140-CM-1 &
2:11-CV-02493-CM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

Maurice Trotter appeals from the district court's decision denying a motion to

suppress items seized from a storage locker and from the district court's amended

judgment, which resentenced him to 120 months' imprisonment and a ten-year term

of supervised release. We vacate Mr. Trotter's sentence and remand for

resentencing. We affirm the denial of the motion to suppress.

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Mr. Trotter was convicted of distribution and possession with intent to distribute significant quantities of cocaine powder and crack cocaine as well as conspiracy to possess with intent to distribute those substances. He was sentenced in 2005 to 168 months' imprisonment to be followed by ten years of supervised release.

We affirmed the judgment on direct appeal, but the Supreme Court granted Mr. Trotter's petition for certiorari, vacated our decision, and remanded for further consideration in light of its recent opinion in *Kimbrough v. United States*, 552 U.S. 85 (2007). This court in turn remanded to the district court to clarify the basis for its sentencing decision.

The district court issued an order clarifying its decision. When Mr. Trotter's attorney did not file an appeal, he filed a pro se notice of appeal, which this court dismissed as untimely.

Mr. Trotter then sought collateral review through a 28 U.S.C. § 2255 motion, arguing that his attorney was ineffective for failing to file a timely appeal from the district court's clarification order. The district court agreed. As a remedy, the district court entered an amended judgment on May 29, 2013, imposing a sentence of 120 months[1], with a ten-year term of supervised release. The district court explained that this remedy would allow Mr. Trotter to appeal his sentence, as well as other

_____

[1] Mr. Trotter had previously filed two motions for sentence reductions under 18 U.S.C. § 3582(c)(2) and been granted relief in 2011 and then in 2012.

issues he had identified.  Mr. Trotter timely filed a notice of appeal from the amended judgment.

II.

Mr. Trotter first argues that the district court erred in sentencing him to ten years of supervised release because the court sentenced him under the 2005 version of 21 U.S.C. § 841(b)(1)(A)(iii).  He contends that he should have been sentenced under the Fair Sentencing Act of 2010 (FSA), which applies to all sentences imposed after its effective date of August 3, 2010.  *See Dorsey v. United States*, 132 S. Ct. 2321 (2012).  We agree, as does the government.  Under the FSA, his term of supervised release should be eight years, instead of ten years.  We therefore vacate Mr. Trotter's sentence and remand for resentencing.

Mr. Trotter next argues that the district court erred in denying the motion to suppress evidence seized from a storage unit.  We conclude that he has waived this issue.  First, there is some question whether Mr. Trotter properly raised the suppression issue in district court.  The motion to suppress was filed by his brother and codefendant, Mardell Trotter.  Although Mr. Trotter filed a motion to join in some of Mardell's other pretrial motions, he did not ask to join in the motion to suppress.  At the hearing on the motion to suppress, however, Mr. Trotter's attorney did state that she had "joined in [the motion] basically for the result purposes."  R., Vol. 2 at 353.  Perhaps this could constitute an adequate request to join in the motion to suppress, but even assuming that to be the case, Mr. Trotter's attorney went on to

concede that her client did not have standing to challenge the search of the locker. *See id.* ("Even though I've joined in basically for the result purposes, *my client actually doesn't have standing in this matter.* It's [Mardell Trotter's counsel's] issue." (emphasis added)). By conceding in the district court that he did not have standing to move to suppress the evidence seized from the storage locker, Mr. Trotter has waived any argument on appeal that his Fourth Amendment rights were violated by the search. We will therefore not disturb the district court's denial of the motion to suppress.

III.

We vacate Mr. Trotter's sentence and remand for resentencing. We affirm the denial of the motion to suppress.

Entered for the Court


Harris L Hartz<br>
Circuit Judge